## CIRCUIT COURT OF FAIRFAX COUNTY

Paul S. Loverde,
Bishop of the
Roman Catholic
Diocese of Arlington

     v.

Building Management, Inc.

     v.

Goughnour Engineering, P.C.,
and Steven David Goughnour

     v.

Chamberlain Construction Corp.
and Calvert-Jones

June 27, 2006

Case No. (Law) 2005-1097

BY JUDGE KATHLEEN H. MACKAY

On Friday, May 4, 2006, this matter came before the Court on Fourth-Party Defendant Chamberlain Construction Corporation's Demurrers. Specifically, Chamberlain Construction Corporation demurred to Goughnour Engineering, P.C., and Steven Goughnour's Fourth-Party Motion for Judgment and to Plaintiff Bishop Paul Loverde's Counterclaim. Although

initially it appeared that Chamberlain Construction Corporation was also demurring to Building Management, Inc.'s Cross-claim against Chamberlain Construction Corporation, in its Reply to Opposition Briefs Chamberlain Construction Corporation states that Building Management, Inc., should not be included in any argument. After the hearing, the Court took the matter under advisement and requested that each side submit a list of contractual provisions supporting their respective arguments regarding the issue of property insurance. Since the hearing date, the Court has had the opportunity to review these lists and again review the briefs in light of oral arguments made, and I am now prepared to rule.

## I. *Factual and Procedural History*

On or about December 5, 2001, Plaintiff Bishop Loverde contracted with Chamberlain Construction Corporation for the construction of the St. Joseph's Parish School Addition/Renovation Project. On or about February 19, 2002, Chamberlain Construction Corporation entered into a subcontract with Building Management, Inc., and subsequently Building Management, Inc., subcontracted with Goughnour Engineering, P.C., to provide certain professional engineering services for the Project.

On or about February 18, 2003, a portion of the roof of the Project collapsed.

On February 23, 2005, Plaintiff Bishop Loverde filed the original Motion for Judgment against Defendant Building Management, Inc., for breach of contract, negligence, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose. Plaintiff Bishop Loverde alleged that the cause of the collapse was that the light gauge steel trusses were incorrectly designed, engineered, manufactured, and/or installed. Plaintiff Bishop Loverde claims damage to the subject property and to adjacent property.

On August 22, 2005, Building Management, Inc., filed a Third-Party Motion for Judgment against Goughnour Engineering and Steven David Goughnour. Building Management, Inc., argues that, if it is held liable to Plaintiff Loverde, it is entitled to contribution or indemnity from Goughnour Engineering and Steven David Goughnour.

Similarly, on November 30, 2005, Goughnour Engineering and Steven David Goughnour filed a Fourth-Party Motion for Judgment against Chamberlain Construction Corporation and Calvert-Jones. Goughnour Engineering, P.C., and Steven David Goughnour argue that if they are held

liable to Building Management, Inc., then they are entitled to contribution and indemnification from Chamberlain Construction Corporation and Calvert-Jones.

On January 24, 2006, Chamberlain Construction Corporation filed a Cross-claim against Plaintiff Bishop Loverde and Defendant Building Management, Inc.

On February 16, 2006, Plaintiff Bishop Loverde filed a Counterclaim against Chamberlain Construction Corporation, alleging breach of contract, negligence, and breach of express warranties. On the same day, Building Management, Inc., filed a Cross-claim against Chamberlain Construction Corporation, and Building Management, Inc., and amended their Third-Party Motion for Judgment against Goughnour Engineering and Steven David Goughnour.

## II. *Legal Analysis*

A demurrer tests the legal sufficiency of the claims stated in the challenged pleading. *Dray v. New Market Poultry Products, Inc.*, 258 Va. 187, 189, 518 S.E.2d 312 (1999). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against Defendants. *Thompson v. Skate America, Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001).

### *Demurrer to Plaintiff Loverde's Counterclaim and Demurrer to Fourth-Party Motion for Judgment for Contribution and Indemnification*

Plaintiff Loverde seeks damages for breach of contract, negligence, and breach of express warranties. Fourth-Party Plaintiff Goughnour Engineering, P.C., and Steven David Goughnour argue that, if they are held liable to Building Management, Inc., then they are entitled to contribution and indemnification from Chamberlain Construction Corporation and Calvert-Jones.

The odd way in which this suit was initiated, that is by Loverde suing Building Management, Inc., rather than its prime contractor Chamberlain Construction Corporation has, arguably, required every subcontractor to sue every other subcontractor in order for everyone's obligations to get sorted out. Overall, however, the Court agrees with the various pleadings filed by the various subcontractors that Plaintiff Loverde has a viable contract claim against its contractor and a viable negligence claim only as to damage inflicted on the adjacent property.

### 1. *Breach of Contract*

As to the breach of contract claim, Chamberlain Construction Corporation demurs arguing that the contractual provision of insurance bars recovery of damages. Section 11.3.1 of the Conditions of the Contract required the Owner, Plaintiff Loverde, to purchase and maintain Builders' Risk Insurance. The entire contract should have been attached as Exhibit A to the original Motion for Judgment. *See* letter dated May 10, 2006, from Attorney Sanford A. Friedman to this Court. The explicit purpose of· this insurance was to protect "interests of the Owner, the Contractor, Subcontractors, and Sub-subcontractors in the Work."

The Supreme Court of Virginia has held, where "a plaintiff has contracted to protect the defendant from a loss by procuring insurance, the plaintiff (or his subrogee) may not recover for that loss from the defendant even if the loss is caused by the defendant's negligence." *Walker v. Vanderpool*, 225 Va. 266, 271, 302 S.E.2d 669 (1983). Accordingly, the breach of contract claim is barred from recovery by the contractual provision of Builders' Risk Insurance.

Plaintiff Loverde highlights that the waiver of subrogation provision in the Contract was struck by the parties. Plaintiff Loverde argues that, by striking this waiver, the parties agreed that the right of subrogation existed hereby giving Plaintiff Loverde the right to recover from Chamberlain Construction Corporation. Even if the parties agreed to strike the waiver of subrogation clause in the contract, this does not change the effect of *Walker*. *Id.*

Plaintiff contracted to protect the Owner, Contractor, Subcontractors, and Sub-subcontractors by procuring insurance; therefore, it is the Court's belief that the deletion of the waiver of subrogation provision has no effect on the issue of insurance and the Plaintiff may not recover for losses that would be covered by that insurance as to the work which is the subject of the Contract. The "work" was defined in Section 1.1.3 of the A201 General Conditions to the construction contract to include "the construction and services required by the Contract Documents, whether completed or partially completed. . . ."

However, Plaintiff Loverde may recover for damages not included in the definition of "work" to include damages to the adjacent property.

## 2. *Negligence*

When a plaintiff alleges and proves nothing more than disappointed economic expectations, the law of contracts, not the law of torts, provides the remedy for such economic losses. *Sensenbrener v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 374 S.E.2d 55 (1988).

Here, the parties are bound by the Contract that is a part of the original Motion for Judgment filed, as well as the contracts executed by the various subcontractors. Plaintiff Loverde has alleged damage to "adjacent property," which are losses not necessarily covered by any contract. Therefore, Plaintiff's pleadings have created a basis for recovery for damages that resulted to the adjacent property as a result of any negligence on the part of Fourth-Party Defendant Chamberlain Construction Corporation.

### III. *Conclusion*

To the extent that the contractors have damaged adjacent property and to the extent that the damage represents either a breach of contract or a negligence claim, the Demurrer filed by Defendant Chamberlin Construction Corporation to Plaintiff Loverde's Counterclaim is overruled.

To the extent that a negligence claim for damage to adjacent property remains viable, Goughnour Engineering has a claim for indemnification and contribution against Chamberlin Construction Corporation, and the Demurrer to Goughnour Engineering's Fourth-Party Motion for Judgment is overruled.